UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

SEAN MCFADDEN,

Plaintiff,

-against-

THE CITY OF NEW YORK; P.O. STEVEN FRANZEL,
Shield No. 26765; and P.O. DANIEL BERARDI, Shield No.
7962, the individual defendant(s) sued individually and in
their official capacities,

Defendants.

-------------------------------------------------------------------------X

**FIRST AMENDED
COMPLAINT**

14 Civ. 6940 (ERK) (VVP)

ECF Case

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiff seeks relief for the violation
of plaintiff's rights secured by 42 U.S.C. § 1983; and the Fourth, Fifth, Sixth, and Fourteenth
Amendments to the United States Constitution; and the laws of the State of New York.
Plaintiff's claims arise from an incident that arose on or about August 31, 2013.  During the
incident, the City of New York, and members of the New York City Police Department
("NYPD") subjected plaintiff to, among other things: unlawful search and seizure; false arrest;
assault; battery; unreasonable force; failure to intervene; malicious prosecution; denial of a fair
trial; trespass/conversion of chattels; implementation and continuation of an unlawful municipal
policy, practice, and custom; and respondeat superior liability.  Plaintiff seeks compensatory and
punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. §
1988, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2.      This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  Plaintiff's notice of claim was duly filed on defendant City of New York within 90 days of the incidents at issue, and more than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiff's claims.  Moreover, this action has been filed within one year and 90 days of the incident. Plaintiff has satisfied all conditions precedent for the filing of this action.

4.      Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

**PARTIES**

5.      Plaintiff Sean McFadden is a resident of the State of New York, Kings County.

6.      At all times herein, defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.      At all times alleged herein, defendants Police Officer Steven Franzel, Shield # 26765, and Police Officer Daniel Berardi, Shield No. 7962, were New York City Police Officers employed with the 73rd Precinct, located in Kings County, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

2

8.      The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

### The Incident

9.      On August 31, 2013, at and in the vicinity of 571 Thomas Boland Street, Brooklyn, New York, and the 73rd Precinct, several police officers operating from the 73rd Precinct, including upon information and belief, defendants P.O. Franzel and P.O. Berardi, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

10.     On August 31, 2013, at approximately 9:00 p.m., at and in the vicinity of 571 Thomas Boland Street, Brooklyn, New York, defendants P.O. Franzel and P.O. Berardi, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime unlawfully arrested plaintiff.

11.     Plaintiff was driving his car and pulled into his driveway located at 571 Thomas Boland Street, Brooklyn, New York.

12.     Plaintiff had driven his car lawfully, obeying all traffic regulations.

13.     Plaintiff's female friend was in the passenger seat of his car.

14.     Plaintiff parked his car in his driveway.

15.     Plaintiff and his female friend got out his car.

16.     Suddenly the police pulled up in a police vehicle behind his car.

17.     Plaintiff and his female friend were standing on plaintiff's and his family's private property.

18.     Plaintiff's car was parked on plaintiff's and his family's private property.

3

19.     There was no cause or justification for the police to approach or detain plaintiff or his female friend, or for the police to come onto plaintiff's and his family's private property.

20.     The police did not have a warrant or consent to enter plaintiff's and his family's private property.

21.     The police ordered plaintiff and his female friend to get back into his car.

22.     Plaintiff told the police that this was his home, but he and his female friend got back into his car when the police became more aggressive.

23.     The police approached plaintiff and his passenger on foot.

24.     Outside of plaintiff's car, the police demanded to see plaintiff's license and registration, which were both current and not suspended.

25.     Plaintiff asked what he had done because he was in his own yard.

26.     The police became irate and yelled at plaintiff.

27.     Plaintiff asked to speak with their commanding officer.

28.     The police pulled plaintiff out of his car, and threw him up against the fence in his yard.

29.     Plaintiff asked what did he do, and told them that his driver's license was in his front pocket.

30.     The police punched plaintiff in his ribs and face.

31.     The police choked plaintiff.

32.     The police pushed plaintiff against his fence and handcuffed him.

33.     Other police officers arrived at plaintiff's home and came onto plaintiff's and his family's private property without permission or a warrant.

4

34.     Plaintiff's female friend videotaped parts of the incident.

35.     The police drove plaintiff to the 73rd Precinct for arrest processing.

36.     After many hours in custody, the police released plaintiff with a desk appearance ticket.

37.     In order to cover up their illegal actions, the police, pursuant to a conspiracy, initiated, and falsely and maliciously told the Kings County District Attorney's Office that plaintiff had committed reckless driving.

38.     The police made these false allegations, despite the fact that they had no evidence that plaintiff had committed a crime, to cover up their misconduct, meet productivity goals and quotas, and/or justify overtime expenditures.

39.     The police confiscated and damaged plaintiff's car before releasing it back to plaintiff.

40.     The charges against plaintiff were dismissed in their entirety, terminating in plaintiff's favor when he appeared at arraignment.

**General Allegations**

41.     The individual defendants acted in concert in committing the above-described illegal acts against plaintiff.

42.     Plaintiff did not resist arrest at any time during the above-described incidents.

43.     Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

44. The individual defendants did not observe plaintiff violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

45. The individual defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

46. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation and financial loss.

47. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## <u>FIRST CLAIM</u>

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

48. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

49. Defendants unlawfully entered plaintiff's private property without cause or consent.

6

50.     Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

51.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

52.     Defendants unlawfully entered plaintiff's private property without cause or consent.

53.     Accordingly, defendants are liable to plaintiff for unlawful search and seizure under New York State law.

## THIRD CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

54.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

55.     Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

56.     Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## FOURTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

57.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

7

58.     Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

59.     Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

## FIFTH CLAIM

### (UNREASONABLE FORCE)

60.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

61.     The individual defendants' use of force upon plaintiff was objectively unreasonable.

62.     The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

63.     Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

64.     Accordingly, the defendants are liable to plaintiff for using unreasonable force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SIXTH CLAIM

### (ASSAULT)

65.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

66.     Among other things as described above, defendants' search and seizure, battery, false arrest, and unreasonable use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

67.     Accordingly, defendants are liable to plaintiff under New York State law for assault.

## SEVENTH CLAIM

### (BATTERY)

68.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

69.     Among other things as described above, defendants' false arrest and unreasonable use of force against plaintiff were illegal physical contacts.

70.     Accordingly, defendants are liable to plaintiff under New York State law for battery.

## EIGHTH CLAIM

### (FAILURE TO INTERVENE)

71.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

72.     Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

73.     Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## NINTH CLAIM

### (DENIAL OF FAIR TRIAL)

74.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

75.     The defendants are liable to plaintiff because they intentionally conspired to fabricate evidence against plaintiff, depriving plaintiff of liberty without due process of law.

76.     Furthermore, the defendants violated the law by making false statements by drafting and/or signing a sworn criminal court complaint and false police reports.

77.     Furthermore, the individual defendants violated the law by manipulating evidence to obtain a prosecution and unjust conviction, while performing the function of investigators.

78.     The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally and is redressable in an action for damages under 42 U.S.C. § 1983.

79.     The individual defendants are also liable to plaintiff because they intentionally created false information likely to influence a fact finder's or jury's decision by, *inter alia*, forwarding false information to prosecutors, drafting and signing a sworn criminal court complaint and police reports, omitting and/or manipulating evidence, fabricating testimony and evidence, suppressing and concealing exculpatory material and evidence, and forwarding and presenting false information to a court thereby violating plaintiff's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

## TENTH CLAIM

### (TRESPASS/CONVERSION OF CHATTELS)

10

80.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

81.     Plaintiff had clear legal ownership of his car and defendants trespassed on plaintiff's property by damaging it.

82.     Accordingly, defendants are liable to plaintiff for damages that resulted from the trespass under New York State law.

## ELEVENTH CLAIM

### (MONELL CLAIM)

83.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

84.     Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

85.     Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiff: (1) wrongfully arresting innocent persons in order to meet productivity goals; (2) wrongfully entering private property and seizing personal property; (3) using unreasonable force on individuals; and (4) fabricating evidence against innocent persons.

86.     Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

87.     Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized

them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

88.    Further, defendants City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

89.    The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

## TWELFTH CLAIM

### (RESPONDEAT SUPERIOR)

90.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

91.    The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including falsely arresting, assaulting, and battering plaintiff.

92.     The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.      Compensatory damages in an amount to be determined by a jury;

b.      Punitive damages in an amount to be determined by a jury;

c.      Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d.      Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:      Brooklyn, New York
            June 3, 2015

                              MICHAEL O. HUESTON, ESQ.
                              *Attorney for Plaintiff*
                              16 Court Street, Suite 3301
                              Brooklyn, New York 11241
                              (718) 246-2900
                              mhueston@nyc.rr.com
                              By:


                              ___s/_____
                              MICHAEL O. HUESTON